1. The court has jurisdiction of this matter, and this is a core proceeding.
2. In a policy effective January 1, 1999, Life Insurance Company of North America ("LICNA") issued Policy No. LK-030043 to Osram Sylvania, Inc., which provided group long-term disability insurance. James T. Shepherd ("Shepherd"), as an employee of Osram Sylvania, Inc., was covered under this policy ("the Policy").
3. Shepherd became disabled and made a claim under the Policy.
4. According to the Policy, as a third-party beneficiary and as an employee of Osram Sylvania, Inc., Shepherd was entitled to receive certain benefits. Additionally, his gross benefits were to be reduced by a percentage of amounts he received from any governmental sources, specifically Social Security Disability or Retirement Benefits.
5. Under its operating procedures, as a service to covered beneficiaries, LICNA offered to pay the gross amount of benefits to employees covered by the Policy while they awaited award and payment of Social Security benefits. LICNA reached an agreement with Shepherd dated May 15, 2000 that he would receive his gross benefits but would immediately advise LICNA of his award payment of other benefits. Under the agreement Shepherd then would repay or have withheld from future benefits the percentage of the Social Security award. The alternative was to estimate Social Security benefits and withhold them from the beginning.
6. Upon award and payment of his Social Security benefits, Shepherd advised LICNA of the amount and payment of those benefits. LICNA computed the overpayment of award at $7,465.10 and by letter dated November 29, 2000 allowed Shepherd to review the calculations and agree or disagree. LICNA having received no response from the debtor, Recovery Services International ("RSI"), LICNA's recovery agent, sent a letter to Shepherd dated December 13, 2000 seeking recovery of overpayment on the long-term disability policy.
7. On or about January 11, 2001 Shepherd mailed a check to RSI in the amount of $6,454.10. The check was dated January 8, 2001 and was stamped "received" on January 16, 2001. Bank "image statement" notes the check was paid on January 23, 2001.
8. On January 29, 2001 Shepherd and his wife, Judy Rose Shepherd, filed in this court a petition for relief under chapter 7 of the U. S. Bankruptcy Code.
9. On or about August 20, 2001, James W. Gardner, duly appointed and qualified chapter 7 trustee for the bankruptcy estate of the Shepherds, initiated this adversary proceeding to recover the $6,454.10 paid in January 2001.
Based upon the foregoing, the court concludes as follows as a matter of law:
1. The requirements under 11 U.S.C. § 547(b) for a "voidable preference" are satisfied in this transaction between Shepherd and LICNA.
2. The issue is whether this transaction occurred within the "ordinary course of business" and is therefore an exception to *867 11 U.S.C. § 547(b) pursuant to § 547 (c)(2).
3. The transaction between Shepherd and LICNA satisfies three requirements for deeming it to be in the "ordinary course of business."
4. First, the payment was for a debt incurred in the course of ordinary business dealings between Shepherd and LICNA. In re Carled Inc. , 91 F.3d 811, 813 (6th Cir. 1996). Both Shepherd and LICNA were engaged in their usual business as insured and insurer pursuant to the contract. The debt was incurred according to the specific language of the insurance policy, and payment of the debt was in compliance with that policy.
5. Second, the debt and the payment were ordinary in relation to other business dealings between the debtor and creditor. In re Carled , 91 F.3d at 813. The fact that the payment was a one-time or first time transaction does not automatically exclude it from being in the "ordinary course of business." In re Finn , 909 F.2d 903, 908 (6th Cir. 1990). Thus, the reimbursement payment made by Shepherd to RSI was "ordinary" despite the fact that it was a first time occurrence. The timing, amount, and manner of payment as well as the circumstances under which it was made all indicate that the transaction was ordinary between the parties. In re Russell Cave Co., Inc. , 259 B.R. 879, 882 (Bankr. E.D.Ky. 2001). Stated another way, there was nothing unusual about the transaction between Shepherd and LICNA which disqualifies it from the "ordinary course of business" exception to subsection 547(b). Shepherd paid $6,454.10 of the $7,465.10 calculated by LICNA, in 43 days of the request for payment by LICNA and within 30 days of the request by RCI.
6. The third, and final, prong of the "ordinary course of business" test is whether the payment was made according to ordinary business terms. In re Carled , 91 F.3d at 813. To meet this prong, the defendant must show that the transaction "comports with the standard conduct of business in the industry." In re Russell Cave , 259 B.R. at 883. Insurers generally do not permit double recovery of any kind, and they routinely recover overpayments pursuant to the terms of their policy. LICNA's recovery was standard conduct for the insurance industry.
7. Defendant LICNA also asserts the theory of recoupment. An elemental requirement of this theory is that the parties be the same, that there be mutuality of identity of parties. The recoupment theory asserted here fails because the initial payee, RSI, was a true third party to the transaction. In other words, the recoupment theory does not apply in this factual situation because the preferential payments were made to RCI, not LICNA.
8. The court having found for LICNA on the preferential transfer issue, LICNA's request for alternative relief-reduction of future benefits-is moot.
9. Similarly, Shepherd's motion for summary judgment against LICNA pursuant to KRS 427.150 is moot.
Based upon the foregoing, the court concludes that there are no material issues of fact and that the defendant is entitled to summary judgment against the plaintiff as a matter of law. Shepherd's repayment was made in the "ordinary course of business" and therefore is a valid exception to the "voidable preference" doctrine of 11 U.S.C. § 547(b). Accordingly, the plaintiff's motion for summary judgment is overruled.